1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10   JESSE YORK,                    ) 1:11-cv—1482-SMS-HC
                                    )
11              Petitioner,         ) ORDER DISMISSING PETITION WITH
                                    ) LEAVE TO FILE A FIRST AMENDED
12                                  ) PETITION NO LATER THAN THIRTY
          v.                        ) (30) DAYS AFTER THE DATE OF
13                                  ) SERVICE OF THIS ORDER (Doc. 1)
     DARREL G. ADAMS,               )
14                                  ) ORDER DIRECTING THE CLERK TO SEND
               Respondent.          ) PETITIONER A BLANK HABEAS CORPUS
15                                  ) PETITION FORM
     _____)
16

17

18        Petitioner is a state prisoner proceeding pro se and in

19   forma pauperis with a petition for writ of habeas corpus pursuant

20   to 28 U.S.C. § 2254.  The matter has been referred to the

21   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local

22   Rules 302 and 304.  Pending before the Court is the petition,

23   which was filed on September 7, 2011.

          I.  Screening the Petition
24
          Rule 4 of the Rules Governing § 2254 Cases in the United
25
     States District Courts (Habeas Rules) requires the Court to make
26
     a preliminary review of each petition for writ of habeas corpus.
27
     The Court must summarily dismiss a petition "[i]f it plainly
28

1

appears from the petition and any attached exhibits that the
petitioner is not entitled to relief in the district court...."
Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.
1990).  Habeas Rule 2(c) requires that a petition 1) specify all
grounds of relief available to the Petitioner; 2) state the facts
supporting each ground; and 3) state the relief requested.
Notice pleading is not sufficient; rather, the petition must
state facts that point to a real possibility of constitutional
error.  Rule 4, Advisory Committee Notes, 1976 Adoption;
O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v.
Allison, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition
that are vague, conclusory, or palpably incredible are subject to
summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th
Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas
corpus either on its own motion under Habeas Rule 4, pursuant to
the respondent's motion to dismiss, or after an answer to the
petition has been filed.  Advisory Committee Notes to Habeas Rule
8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
(9th Cir. 2001).

Here, Petitioner alleges that he is an inmate of the
California State Prison at Corcoran, California (CSPC);
Petitioner does not indicate the length of his sentence or his
commitment offense.  Petitioner challenges administrative action
of prison authorities that occurred in October 2008 which
resulted in Petitioner's being validated as an associate of the
Mexican Mafia prison gang and placed in administrative

segregation for six years.  The validation was based on four items:  possession of a small piece of paper from a validated Mexican Mafia member; a tattoo on Petitioner's finger of a symbol which represents the number "13," indicating the Mexican Mafia; possession of a birthday card containing a drawing of the symbol near Petitioner's moniker; and Petitioner's mother's having sent a money order to a prisoner known to be a validated associate of the Mexican Mafia.

Petitioner challenges the constitutionality of the gang validation process, arguing 1) the evidence relied upon was insufficient and unreliable, 2) the pertinent state regulations are vague and overbroad and result in infringement of Petitioner's freedom of speech and action; and 3) the regulatory process permitting segregation of gang members constitutes cruel and unusual punishment.

    II.  <u>Subject Matter Jurisdiction</u>

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert.</u> <u>denied</u>, 522 U.S. 1008 (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

This Court has a duty to determine its own subject matter jurisdiction, and lack of subject matter jurisdiction can be raised on the Court's own motion at any time. Fed. R. Civ. P. 12(h)(3); <u>CSIBI v. Fustos</u>, 670 F.2d 134, 136 n.3 (9th Cir. 1982) (citing <u>City of Kenosha v. Bruno</u>, 412 U.S. 507, 511-512 (1973)).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of

1 a state court only on the ground that the custody is in violation
2 of the Constitution, laws, or treaties of the United States.   28
3 U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362,
4 375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. –, –, 131 S.Ct. 13,
5 16 (2010) (per curiam).

6     Claims challenging the validity of a prisoner's continued
7 incarceration, including the fact or length of the custody, are
8 within the "heart of habeas corpus" and are cognizable only in
9 federal habeas corpus.  <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 498-
10 99, 499 n.14 (1973).  In contrast, an action pursuant to 42
11 U.S.C. § 1983 is appropriate for a state prisoner challenging the
12 conditions of prison life but not the fact or length of the
13 custody.  <u>Preiser v. Rodriquez</u>, 411 U.S. at 499; <u>Badea v. Cox</u>,
14 931 F.2d 573, 574 (9th Cir. 1991).

15     With respect to prison disciplinary proceedings, it is
16 established that a constitutional claim concerning the
17 application of rules administered by a prison or penal
18 administrator that challenges the duration of a sentence is a
19 cognizable claim of being in custody in violation of the
20 Constitution pursuant to 28 U.S.C. § 2254.  <u>See</u>, <u>e.g.</u>,
21 <u>Superintendent v. Hill</u>, 472 U.S. 445, 454 (1985) (determining a
22 procedural due process claim concerning loss of time credits
23 resulting from disciplinary procedures and findings).  The
24 Supreme Court has held that challenges to prison disciplinary
25 adjudications that have resulted in a loss of time credits must
26 be raised in a federal habeas corpus action and not in a § 1983
27 action because such a challenge is to the very fact or duration
28 of physical imprisonment, and the relief sought is a

1  determination of entitlement of immediate or speedier release.

2  Preiser v. Rodriquez, 411 U.S. 475, 500.

3      The Supreme Court's decisions concerning the limits of

4  habeas jurisdiction and § 1983 jurisdiction have been rendered in

5  cases involving § 1983 proceedings.  Thus, it is established that

6  regardless of the precise relief sought, an action pursuant to

7  § 1983 concerning prison administrative processes is barred if

8  success in the action would necessarily demonstrate the

9  invalidity of the confinement or its duration, or necessarily

10 imply the invalidity of a conviction or sentence.   Wilkinson v.

11 Dotson, 544 U.S. 74, 81-82 (2005) (parole processes).  However,

12 the limits on habeas jurisdiction, or the appropriate extent of

13 any overlap between habeas and § 1983, has not been definitively

14 addressed by the Supreme Court.  The Supreme Court has adverted

15 to the possibility of habeas as a potential alternative remedy to

16 an action under § 1983 for unspecified additional and

17 unconstitutional restraints during lawful custody,  Preiser v.

18 Rodriquez, 411 U.S. at 499-500, but it has declined to address

19 whether a writ of habeas corpus may be used to challenge

20 conditions of confinement as distinct from the fact or length of

21 confinement itself, see, Bell v. Wolfish, 441 U.S. 520, 527 n.6

22 (1979).

23     Nevertheless, the Court continues to recognize a "core" of

24 habeas corpus that refers to suits where success would inevitably

25 affect the legality or duration of confinement.  For example, in

26 Wilkinson, the Court noted that if success on a claim would mean

27 at most a new opportunity for review of parole eligibility, or a

28 new parole hearing at which authorities could discretionarily

5

1  decline to shorten a prison term, then success would not
2  inevitably lead to release, and the suit would not lie at the
3  core of habeas corpus.  Wilkinson, 544 U.S. at 82.

4       In the singular context of parole, cases in this circuit
5  have recognized a possibility of habeas jurisdiction in suits
6  that do not fall within the core of habeas corpus.  Bostic v.
7  Carlson, 884 F.3d 1267 (9th Cir. 1989) (expungement of a
8  disciplinary finding likely to accelerate eligibility for
9  parole)[1]; Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004) (a claim
10 challenging the constitutionality of the frequency of parole
11 reviews, where the prisoner was seeking only equitable relief,
12 was held sufficiently related to the duration of confinement).
13 However, relief pursuant to § 1983 remains an appropriate remedy
14 for claims concerning administrative decisions made in prison
15 where success would not necessarily imply the validity of
16 continuing confinement.  Docken v. Chase, 393 F.3d at 1030
17 (characterizing Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997) as
18 holding that a § 1983 suit is an appropriate remedy for
19 challenges to conditions that do not necessarily imply the
20 invalidity of continuing confinement).

21      Nevertheless, it is established in this circuit that where a
22 successful challenge to a disciplinary hearing or administrative
23 sanction will not necessarily shorten the overall length of
24 confinement, then habeas jurisdiction is lacking.  In Ramirez v.
25 Galaza, 334 F.3d 850 (9th Cir. 2003), a prisoner sought relief
26 pursuant to § 1983 for allegedly unconstitutional disciplinary
27
28

---

[1] The Court notes that Bostic involved a suit pursuant to 28 U.S.C. § 2241, not § 2254.

proceedings that resulted in administrative segregation.  It was held that § 1983 was the appropriate remedy because the alleged constitutional errors did not affect the overall length of the prisoner's confinement; success in the § 1983 action would not necessarily result in an earlier release from incarceration, and the § 1983 suit did not intrude upon the core or "heart" of habeas jurisdiction.  Ramirez, 334 F.3d at 852, 858.

The court in Ramirez went further and considered the related question of the extent of habeas corpus jurisdiction, expressly stating that its holding "also clarifies our prior decisions addressing the availability of habeas corpus to challenge the conditions of imprisonment."  334 F.3d at 858.  The court reviewed the decisions in Bostic v. Carlson and Neal v. Shimoda and concluded as follows:

> Our decision in *Neal v. Shimoda,* 131 F.3d 818 (9th Cir.1997), illustrates the importance of measuring the likelihood that a suit under § 1983 will affect the length of the prisoner's confinement. In *Neal*, two state prisoners filed suits under § 1983 alleging that they were classified as sex offenders in violation of the Due Process and Ex Post Facto guarantees. *Id.* at 822-23. Among other harms, both inmates argued that the classification affected their eligibility for parole. *Id.* We held that *Heck* did not require the inmates to invalidate their classification before bringing suit under § 1983, because a favorable judgment "will in no way guarantee parole or necessarily shorten their prison sentences by a single day." *Id.* at 824. The prisoner suits did not seek to overturn a disciplinary decision that increased their period of incarceration. Rather, a successful § 1983 action would provide only "a ticket to get in the door of the parole board." *Id.* A favorable judgment, therefore, would not "undermine the validity of their convictions," or alter the calculus for their possible parole. *Id.*
>
> *Neal* makes clear that under *Preiser* habeas jurisdiction is proper where a challenge to prison conditions would, if successful, necessarily accelerate the prisoner's release. Thus, *Neal* accords with our holding here that habeas jurisdiction is absent, and a § 1983 action

7

1  |  proper, where a successful challenge to a prison
2  |  condition will not necessarily shorten the prisoner's
   |  sentence.

3  Ramirez, 334 F.3d at 858-59.

4  Thus, habeas jurisdiction might be present to adjudicate
5  some conditions claims affecting parole if there is a sufficient
6  nexus to the length of imprisonment to demonstrate a sufficient
7  likelihood of affecting the overall length of a prisoner's
8  confinement. Docken v. Chase, 393 F.3d at 1030-31. However, the
9  court has emphasized that measurement of the likelihood will
10  result in an absence of habeas jurisdiction where the challenge
11  will not necessarily shorten the overall sentence. Ramirez, 334
12  F.3d at 859. In Ramirez, expungement of the disciplinary action
13  was not shown to be likely to accelerate eligibility for parole;
14  rather, success there would have meant only an opportunity to
15  seek parole from a board that could deny parole on any ground
16  already available to it. Thus, the suit did not threaten to
17  advance the parole date. Id. at 859.

18  In this case, Petitioner alleges that he has been housed in
19  the security housing unit as a result of a gang validation
20  finding which Petitioner alleges was unsupported by reliable
21  evidence and was the result of numerous constitutional
22  violations. However, Petitioner's allegations concern only the
23  conditions of his confinement. Petitioner does not allege facts
24  that point to a real possibility of constitutional error that
25  affected the legality or duration of his confinement. Thus,
26  Petitioner has not alleged facts that would entitle him to habeas
27  relief. It will therefore be recommended that the petition be
28  dismissed.

1      A petition for habeas corpus should not be dismissed without

2 leave to amend unless it appears that no tenable claim for relief

3 can be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>, 440

4 F.2d 13, 14 (9th Cir. 1971).

5      Here, although Petitioner has not alleged facts that would

6 entitle him to relief, it is possible that Petitioner could

7 allege such facts.  Accordingly, Petitioner will be granted leave

8 to file a first amended petition.

9      III.  <u>Amendment of the Petition</u>

10      The instant petition must be dismissed for the reasons

11 stated above.  Petitioner will be given an opportunity to file a

12 first amended petition to cure the deficiencies.  Petitioner is

13 advised that failure to file a petition in compliance with this

14 order (i.e., a completed petition with cognizable federal claims

15 clearly stated and with exhaustion of state remedies clearly

16 stated) within the allotted time will result in a recommendation

17 that the petition be dismissed and the action be terminated.

18 Petitioner is advised that the amended petition should be

19 entitled, "First Amended Petition," and it must refer to the case

20 number in this action.  Further, Petitioner is informed that

21 Local Rule 220 provides that unless prior approval to the

22 contrary is obtained from the Court, every pleading as to which

23 an amendment or supplement is permitted shall be retyped or

24 rewritten and filed so that it is complete in itself without

25 reference to the prior or superseded pleading.

26      IV.  <u>Disposition</u>

27      Accordingly, it is ORDERED that:

28      1) The petition for writ of habeas corpus is DISMISSED with

1  leave to amend; and

2      2) Petitioner is GRANTED thirty (30) days from the date of

3  service of this order to file a first amended petition in

4  compliance with this order; and

5      3) The Clerk of the Court is DIRECTED to send Petitioner a

6  form petition pursuant to 28 U.S.C. § 2254.

7      Petitioner is INFORMED that a failure to file a timely first

8  amended petition in compliance with this order will be considered

9  to be a failure to comply with an order of the Court within the

10  meaning of Local Rule 110 and will result in dismissal of the

11  petition.

12

13  IT IS SO ORDERED.

14  **Dated:   September 22, 2011**            **/s/ Sandra M. Snyder**
                                         UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28