UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSE YORK, | ) | 1:11-cv–01482-BAM-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING THE FIRST |
| | ) | AMENDED PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS FOR LACK OF SUBJECT |
| v. | ) | MATTER JURISDICTION |
| | ) | (DOC. 7) |
| CONNIE GIBSON, | ) | |
| | ) | ORDER DECLINING TO ISSUE A |
| Respondent. | ) | CERTIFICATE OF APPEALABILITY |
| | ) | |
| | ) | ORDER DIRECTING THE CLERK TO MAIL A CIVIL RIGHTS COMPLAINT FORM TO PETITIONER AND TO CLOSE THE CASE |

Petitioner is a state prisoner who is proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on September 16, 2011 (doc. 4).  Pending before the Court is the first amended petition (FAP), which was filed on October 24, 2011.

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United

1

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Habeas Rule 4, Adv. Comm. Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II. Background

Petitioner, presently an inmate of the California State Prison at Corcoran, California (CSP), alleges that he suffered violations of his constitutional rights in connection with gang validation procedures in prison that occurred in 2008 and resulted in a finding that Petitioner was associated with the Mexican Mafia Prison Gang and placement of Petitioner in the

2

1  security housing unit (SHU).  (FAP 1, 3.)   Petitioner sets forth
2  the following claims in the petition:  1) the information relied
3  on to validate his gang status was false, unreliable, and
4  insufficient; 2) prison officials enforce vague and overly broad
5  regulations that infringe upon Petitioner's free and innocent
6  speech and conduct; and 3) placement of Petitioner the SHU for
7  six years without evidence of gang activity or conduct or an
8  overt act is cruel and unusual punishment.  (Id. at 6-8.)
9  Petitioner alleges that placement in the SHU deprives him of
10 "good credit."  (Id. at 3.)   Petitioner seeks removal of the
11 items relied on to show gang status from Petitioner's prison
12 file, release from the SHU, and various forms of injunctive
13 relief concerning the policies and practices of the prison
14 authorities with respect to gang validation.   (Id. at 11.)

    III.  Subject Matter Jurisdiction

16     This Court has a duty to determine its own subject matter
17 jurisdiction, and lack of subject matter jurisdiction can be
18 raised on the Court's own motion at any time. Fed. R. Civ. P.
19 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982)
20 (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)).
21 A court will not infer allegations supporting federal
22 jurisdiction; a federal court is presumed to lack jurisdiction in
23 a particular case unless the contrary affirmatively appears, and
24 thus federal subject matter jurisdiction must always be
25 affirmatively alleged.  Fed. R. Civ. P. 8(a); Stock West, Inc. v.
26 Confederated Tribes of the Colville Reservation, 873 F.2d 1221,
27 1225 (9th Cir. 1989).  When a federal court concludes that it
28 lacks subject matter jurisdiction, the court must dismiss the

1 action.  Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Moore v.
2 Maricopa County Sheriff's Office, 657 F.3d 890, 894 (9th Cir.
3 2011).
4     Because the petition was filed after April 24, 1996, the
5 effective date of the Antiterrorism and Effective Death Penalty
6 Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  Lindh
7 v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008
8 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).
9     A district court may entertain a petition for a writ of
10 habeas corpus by a person in custody pursuant to the judgment of
11 a state court only on the ground that the custody is in violation
12 of the Constitution, laws, or treaties of the United States.  28
13 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362,
14 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13,
15 16 (2010) (per curiam).
16     A habeas corpus petition is the correct method for a prisoner
17 to challenge the legality or duration of his confinement.  Badea
18 v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v.
19 Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to
20 Habeas Rule 1, 1976 Adoption.  Claims challenging the validity of
21 a prisoner's continued incarceration, including the fact or
22 length of the custody, are within the "heart of habeas corpus"
23 and are cognizable only in federal habeas corpus.  Preiser v.
24 Rodriguez, 411 U.S. at 498-99, 499 n.14.
25     In contrast, a civil rights action pursuant to 42 U.S.C.
26 § 1983 is the proper method for a prisoner to challenge the
27 conditions of that confinement but not the fact or length of the
28 custody.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);

4

Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

Some decisions of prison administrators have been recognized as affecting the duration of confinement. For example, a decision in a prison disciplinary proceeding that results in a loss of previously earned time credits is a core habeas challenge to the duration of a sentence that must be raised by habeas corpus. Superintendent v. Hill, 472 U.S. 445, 454 (1985) (determining a procedural due process claim concerning loss of time credits resulting from disciplinary procedures and findings); Preiser v. Rodriguez, 411 U.S. 475, 500.

The Supreme Court's decisions concerning the limits of habeas jurisdiction and § 1983 jurisdiction have been rendered in cases involving § 1983 proceedings. However, the limits on habeas jurisdiction or the appropriate extent of any overlap between habeas and § 1983 has not been definitively addressed by the Supreme Court. The Supreme Court has adverted to the possibility of habeas as a potential alternative remedy to an action under § 1983 for unspecified additional and unconstitutional restraints during lawful custody, Preiser v. Rodriguez, 411 U.S. at 499-500, but the Court has declined to address whether a writ of habeas corpus may be used to challenge conditions of confinement as distinct from the fact or length of confinement itself, see, Bell v. Wolfish, 441 U.S. 520, 527 n.6 (1979).

Nevertheless, the Supreme Court continues to recognize a "core" of habeas corpus that refers to suits where success would inevitably affect the legality or duration of confinement. Where

a successful suit's effect on the duration of confinement is less likely, the prisoner has a remedy by way of § 1983, and the matter is not within the core of habeas corpus. See, e.g., Wilkinson v. Dotson, 544 U.S. at 82 (success in the form of a new opportunity for review of parole eligibility, or a new parole hearing at which authorities could discretionarily decline to shorten a prison term, would not inevitably lead to release, and the suit would not lie at the core of habeas corpus); Wilkinson v. Austin, 545 U.S. 209 (2005) (§ 1983 action in which inmates brought procedural due process challenges to administrative placement in the harsh conditions of a supermax prison where such placement precluded parole consideration).

In the singular context of parole, some cases decided by the Ninth Circuit Court of Appeals have recognized a possibility of habeas jurisdiction in suits that do not fall within the core of habeas corpus. Bostic v. Carlson, 884 F.3d 1267 (9th Cir. 1989) (habeas jurisdiction over a claim seeking expungement of a disciplinary finding likely to accelerate eligibility for parole)[1]; Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004) (a claim challenging the constitutionality of the frequency of parole reviews, where the prisoner was seeking only equitable relief, was held sufficiently related to the duration of confinement).

Nevertheless, it is established in this circuit that where a successful challenge to a disciplinary hearing or administrative action will not necessarily shorten the overall length of confinement, then habeas jurisdiction is lacking. In Ramirez v.

---

[1] The Court notes that Bostic involved a suit pursuant to 28 U.S.C. § 2241, not § 2254.

6

Galaza, 334 F.3d 850 (9th Cir. 2003), a prisoner sought relief pursuant to § 1983 for allegedly unconstitutional disciplinary proceedings that resulted in administrative segregation. Expungement of the disciplinary action was not shown to be likely to accelerate eligibility for parole; rather, success would have meant only an opportunity to seek parole from a board that could deny parole on any ground already available to it. Thus, the suit did not threaten to advance the parole date. Id. at 859. It was held that § 1983 was the appropriate remedy because the alleged constitutional errors did not affect the overall length of the prisoner's confinement; success in the § 1983 action would not necessarily have resulted in an earlier release from incarceration, and the § 1983 suit did not intrude upon the core or "heart" of habeas jurisdiction. Ramirez, 334 F.3d at 852, 858.

The court in Ramirez went further and considered the related question of the extent of habeas corpus jurisdiction, expressly stating that its holding "also clarifies our prior decisions addressing the availability of habeas corpus to challenge the conditions of imprisonment." 334 F.3d at 858. The court reviewed the decisions in Bostic v. Carlson and Neal v. Shimoda[2] and concluded as follows:

> Our decision in *Neal v. Shimoda,* 131 F.3d 818 (9th Cir.1997), illustrates the importance of measuring the likelihood that a suit under § 1983 will affect the

---

[2] In Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997), it was held that success in a suit challenging administrative placement in a state sex offender program which rendered the participants ineligible for parole did not necessarily affect the duration of confinement because success would not necessarily shorten the inmate's sentence, but would mean at most that the inmate would be eligible for parole consideration.

7

> length of the prisoner's confinement. In *Neal*, two state prisoners filed suits under § 1983 alleging that they were classified as sex offenders in violation of the Due Process and Ex Post Facto guarantees. *Id.* at 822-23. Among other harms, both inmates argued that the classification affected their eligibility for parole. *Id.* We held that *Heck* did not require the inmates to invalidate their classification before bringing suit under § 1983, because a favorable judgment "will in no way guarantee parole or necessarily shorten their prison sentences by a single day." *Id.* at 824. The prisoner suits did not seek to overturn a disciplinary decision that increased their period of incarceration. Rather, a successful § 1983 action would provide only "a ticket to get in the door of the parole board." *Id.* A favorable judgment, therefore, would not "undermine the validity of their convictions," or alter the calculus for their possible parole. *Id.*
>
> *Neal* makes clear that under *Preiser* habeas jurisdiction is proper where a challenge to prison conditions would, if successful, necessarily accelerate the prisoner's release. Thus, *Neal* accords with our holding here that habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.

Ramirez, 334 F.3d at 858-59.

California's policy of assigning suspected gang affiliates to the secured housing unit (SHU) is not a disciplinary measure, but rather an administrative strategy designed to preserve order in the prison and to protect the safety of all inmates. Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997). An inmate's liberty interest in being free from the more restrictive conditions of confinement in secured housing is generally protected by the Due Process Clause, which requires notice of the factual basis for the administrative action, an opportunity to be heard, and notice of any adverse decision. Cf., Wilkinson v. Austin, 545 U.S. 209, 223-25 (2005). However, placement in administrative segregation or secured housing does not necessarily affect the legality or duration of the inmate's

confinement.

In this case, Petitioner alleges that he has been and will be housed in the SHU for six years or more as a result of a gang validation finding that Petitioner alleges was unsupported by reliable evidence and was the result of numerous constitutional violations. These allegations concern only the conditions of his confinement.

Further, Petitioner's assertion that his placement in the SHU denies him "good credits" (FAP 3) does not establish the necessary effect on the duration of Petitioner's confinement. Despite having been given an opportunity to amend the petition, Petitioner does not allege that he has lost any earned credits or set forth facts showing that his SHU placement has had any appreciable effect on the duration of his confinement. It appears that Petitioner may be alleging that he has lost the opportunity to earn good time credits. However, the effect of this, if any, on the duration of his confinement is speculative.

The Court concludes that Petitioner does not allege facts that demonstrate that success in this suit would necessarily affect the legality or duration of his confinement. Thus, Petitioner has not alleged facts that demonstrate subject matter jurisdiction in this Court.

Because it appears that this Court lacks subject matter jurisdiction over Petitioner's claims, the petition should be dismissed.

Should Petitioner wish to pursue his claims, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983. Thus, the Clerk will be directed to send an appropriate form

complaint to Petitioner.

IV. <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. <u>Id.</u> It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. <u>Miller-El v.</u>

10

Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Habeas Rule 11(a).

Here, because Petitioner's claims relate only to conditions of confinement, jurists of reason would not find it debatable whether the Court was correct in its ruling. Accordingly, Petitioner has not made a substantial showing of the denial of a constitutional right, and the Court will decline to issue a certificate of appealability.

V. Disposition

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED for lack of subject matter jurisdiction without prejudice to Petitioner's right to file a civil rights action pursuant to 28 U.S.C. § 1983; and

2) The Clerk of Court is DIRECTED to close the case because this order terminates the action in its entirety; and

3) The Court DECLINES to issue a certificate of appealability; and

4) The Clerk is DIRECTED to mail to Petitioner a form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983 by a person in custody.

IT IS SO ORDERED.

Dated:   December 23, 2011              /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE